UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| KARLA KARINA RAMOS,     §<br>     Petitioner,              §<br>                                      §<br>v.                                  §<br>                                      §         EP-21-CV-9-DCG<br>                                      §<br>UNITED STATES OF AMERICA, §<br>     Respondent.            § | |

## DISMISSAL ORDER

Karla Karina Ramos, Register Number 23088-389, seeks credit toward her federal sentence imposed in *United States v. Ramos*, EP-19-CR-3944-DCG (W.D. Tex.), through a *pro se* "Motion for Time Served and Immediate Release from Custody." Pet'r's Pet., ECF No. 1. Ramos observes she "was sentenced on June 8, 2020 to twelve (12) months and one (1) day to be served concurrently with the 95 days imprisonment imposed in docket number [EP]-19-CR-3944-FM." *Id.* at 1. She notes the Bureau of Prisons (BOP) has erroneously "only given her 114 days of prior jail credit from 2-15-20 through 6-7-2020." *Id*. She adds she is entitled to an additional 54 days of good time credit. *Id*. She maintains, based on her calculations, that she "completed her incarceration on or about September 24, 2020." *Id*. She asks the Court to order "her immediate release for time served." *Id*. at 2.

"It is the substance of the relief sought by a *pro se* pleading, not the label that the petitioner has attached to it, that determines the true nature and operative effect of a habeas filing." *Hernandez v. Thaler*, 630 F.3d 420, 426–27 (5th Cir. 2011). A petitioner may attack the manner in which her sentence is being executed in the district court with jurisdiction over her custodian pursuant to 28 U.S.C. § 2241. *Reyes-Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001); *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000); *United States v. Cleto*, 956

F.2d 83, 84 (5th Cir. 1992).   To prevail, a habeas corpus petitioner must show that she is "in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c).

The Court accordingly construes Ramos' motion as a petition for a writ of habeas corpus under 28 U.S.C. § 2241.   It also notes that "[f]ederal courts are authorized, under 28 U.S.C. § 2243, to dispose of habeas corpus matters 'as law and justice require.' "   *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

BOP records indicate Karla Karina Ramos, Register Number 23088-389, was released from prison on January 15, 2021.   *See* BOP, Find an Inmate, https://www.bop.gov/inmateloc/ (search for Reg. No. 23088-389) (last visited Jan. 26, 2020).   Therefore, Ramos is no longer in custody—and she has received the relief she requested in her petition.   Consequently, law and justice require that Ramos' petition be dismissed.

Therefore, **IT IS ORDERED** that the $5.00 filing fee is **WAIVED**.   **IT IS FURTHER ORDERED** that Ramos' motion, which the Court construes as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, is **DISMISSED WITHOUT PREJUDICE**.   **IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

SIGNED this __26th__ day of January 2021.

_____
DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE